## *Ex parte* ELLIS.

### No. 22. Opinion Filed March 18, 1908.

### (94 Pac. 556.)

**CRIMINAL LAW—Venue—Statehood—Transfer of Causes.** An indictment for the crime of larceny and receiving stolen property, returned by a grand jury of the Western district of the Indian Territory prior to the admission of said territory into the Union as a part of the state of Oklahoma, charging that said offense had been committed within said district on the 13th day of November, A. D. 1907, is cognizable in the district court of the state in the county in which the offense was committed.

(Syllabus by the Court.)

Application of L. L. Ellis for writ of *habeas corpus.* Writ denied.

On the 15th day of November, A. D. 1907, just prior to the admission of the state into the Union, the grand jury for the Western District of the Indian Territory returned an indictment into the United States court in said district at Muskogee against the relator, charging him with having committed the crime of larceny and receiving stolen property in said district on the 13th day of said month. On the same date said relator was apprehended by virtue of a bench warrant issued on said indictment, and incarcerated in the federal jail at Muskogee. And thereafter, on the 3d day of December, A. D. 1908, the relator made application for a writ of *habeas corpus* before the judge of the District Court of the United States for the Eastern District of the state of Oklahoma, at Muskogee. Said relator on the 4th day of December, 1907, was brought before said judge by the marshal of said district, and as a return to said writ showed that he held the relator by virtue of a commitment duly issued on said indictment. Said judge held that the United States court for said district (1) had no jurisdiction to finally determine said cause; (2) that re-

lator was charged with a crime, and should not be released; (3) that the district court for the county of Muskogee of the Third judicial district of the state of Oklahoma had jurisdiction to hear and try and finally determine the charge against relator; (4) that the marshal should deliver him to said district trial court, etc.

On the 5th day of said month relator was delivered to the sheriff of said county, and on the same date his petition for writ of *habeas corpus* was filed with said state court praying that, if said state court should take jurisdiction, bail should be allowed, but, if said court should not take jurisdiction for such purpose, it should direct the sheriff of said county to release the prisoner. After hearing said petition, said court entered an order refusing bail, and dismissed said petition, and refused to order his release. To all of which relator excepted.

Thereafter, on the 17th day of December, A. D. 1907, said relator filed application in this court for writ of *habeas corpus,* at the same time praying for a writ of *certiorari* directing the clerk of said district court for Muskogee county to certify up to this court the record of said proceedings. On January 2, 1908, the clerk of said county having duly certified up the record of said proceedings, and the sheriff making return to said writ to the effect that he held said prisoner under said indictment by virtue of an order from the judge of the United States District Court for the Eastern District of Oklahoma, the relator demurred to said return.

*Powell & Parks,* for relator.
*Charles West, Atty. Gen.,* and *W. C. Reeves,* for respondent.

WILLIAMS, C. J. (after stating the facts as above.) This case is controlled by the decision in the case of *Higgins v. Brown* (decided at this term of court and reported in this volume) 94 Pac. 703, wherein it is held that an offense committed within the jurisdiction of the United States court of the Indian Territory, not of a federal character, prior to the admission of the state into the Union, and pending in such court at said time, is cognizable in

the district court of the state as successor to such court, in the county in which the offense was committed. The district court of the county of the state in which such offense was committed has jurisdiction of this case. The offense charged being a bailable one, the relator is entitled to be discharged on reasonable bail.

The writ for the discharge of the prisoner is denied. However, if the court below fails to take jurisdiction, and enter an order allowing reasonable bail, after being advised of our conclusions, upon further application an order will be entered in this court allowing relator to be discharged upon bail in a reasonable amount.

All the Justices concur.